**David Eugene CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–117–CR.**

Court of Appeals of Texas,
Waco.

Nov. 30, 1983.

Terrance Windham, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Charley Davidson, Asst. Dist. Attys., Houston, for appellee.

HALL, Justice.

Pleading not guilty, appellant David Eugene Carter was convicted by a jury for the offense of burglary of a habitation. Finding a prior felony conviction alleged in the indictment for enhanced punishment to be "True," the jury assessed punishment at confinement in the Texas Department of Corrections for 39 years. Appellant seeks reversal on two grounds of error, asserting that the trial court erroneously overruled his motion to set aside the indictment, asserting denial of a speedy trial under Vernon's Ann.C.C.P. art. 32A.02, Sec. 1(1), and that the trial court erred at the punishment phase of the trial in overruling his objection to the State's proof of the prior conviction alleged for enhancement. We overrule these grounds of error.

■ C.C.P. art. 32A.02, Sec. 1(1), provides that an indictment charging a felony shall be set aside if the State is not ready for trial within 120 days of the commencement of the criminal action. Under Sec. 2(a) of this statute the criminal action in our case commenced on April 9, 1982, when appellant was arrested. The indictment upon which appellant was convicted was filed in the trial court on July 29, 1982. Appellant's motion to dismiss was filed on November 8, 1982, and it was heard the next day when the case was called for trial. At this hearing the State's attorney stated that he was ready for trial at that time and that he had "been ready to try this case at any time the defense wanted a trial," which would have included any time since the date of indictment, within the 120 days provided by the statute. This declaration was a prima facie showing of conformity to the Speedy Trial Act, rebuttable by evidence submitted by appellant demonstrating that the State was not in fact ready for trial during the time limitation of 120 days. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979). There is no evidence in our record that the State was not ready for trial when the indictment was returned or at any time thereafter. Accordingly, under the authority of *Barfield,* appellant's first ground of error is overruled.

■ In support of the allegations of the indictment used to enhance punishment the State introduced, over appellant's objection, a penitentiary packet from the state of Florida. Appellant argues under his second ground of error that the court erred in overruling his objection, and that without the pen packet the evidence was insufficient to support the alleged prior conviction. We need not reach the merit of these contentions, since we observe that appellant entered a plea of "True" to the enhancement paragraph of the indictment at the penalty stage of the trial. It is settled that a defendant who enters a plea of "True" to enhancement paragraphs of an indictment cannot be heard to complain the evidence is insufficient to support the same. *Dinn v. State,* 570 S.W.2d 910, 915 (Tex.Cr.App. 1978).

Appellant's grounds of error are overruled. The judgment is affirmed.