Herbert **MORENO, Dagoberto Rodriguez, Gerbij Hernandez, and Manuel Vargas, Appellants,**

v.

The **STATE of Texas, Appellee.**

Nos. 01–92–00715–CR to 01–92–00718–CR, 01–92–01106–CR to 01–92–01109–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 14, 1993.

Discretionary Review Refused April 7, 1993.

**468**

Chris Flood, DeGuerin & Dickson, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Casey O'Brien, Mary Lou Keel, Houston, for appellee.

Before HEDGES, SAM BASS and COHEN, JJ.

## OPINION

HEDGES, Justice.

On December 18, 1992, we announced that we would consolidate each appellant's first and second appeals, we ordered bail to be reduced to $10,000 for each appellant and stated therein that an opinion would be forthcoming. This is our opinion.

Appellants Herbert Moreno, Dagoberto Rodriguez, Gerbij Hernandez, and Manuel Vargas appeal the trial court's refusal to reduce bail pursuant to TEX.CODE CRIM. P.ANN. art. 17.151 (Vernon Supp.1993), and the trial court's earlier refusal to reduce bail pursuant to TEX.CODE CRIM.P.ANN. art. 17.15 (Vernon Supp.1993).

On June 1, 1992, appellants were apprehended in the same raid. They were indicted for possession of, with intent to deliver, cocaine weighing over 400 grams. This offense is an aggravated first degree felony punishable by confinement for 15 to 99 years, and a fine not to exceed $250,000.

Bail was set at $200,000 for Moreno, and $500,000 each for Rodriguez, Hernandez, and Vargas. A hearing was held on June 30, 1992, within 90 days of the date that appellants' detention on these charges began. After that hearing, the trial court denied all relief. Appellants perfected their appeals of the trial court's ruling. Appeals were filed praying that this Court set bail at $10,000.

Subsequently, the State failed to announce ready within 90 days of appellants' indictments, and second writs were filed requesting a personal bond or "reducing the amount of bail required" pursuant to article 17.151. A second hearing was held on October 28, 1992, and the trial court again denied relief. Appellants filed second appeals complaining of the trial court's refusal to grant the relief prayed for in the second writs.

The State has never announced it was ready for trial on these cases. Appellants now ask this Court to set bail at $10,000, asserting that the trial court failed to follow article 17.151. We agree.

At the first habeas corpus hearing, a bail bondsman, John Burns, testified to the financial requirements of the bond and the amount of bond he thought each appellant could raise. He testified that he had interviewed each appellant and their families and concluded that each could make a bond of $10,000. That evidence was uncontroverted.

No witnesses were called at the second habeas corpus hearing. The prosecutor said nothing for the record. The State concedes that it did not announce ready within 90 days of the commencement of appellants' detention.

■ In their sole point of error, appellants assert the trial court erred in not releasing them on $10,000 bonds because the State failed to announce ready for trial within ninety days of appellants' initial incarceration.

Article 17.151 provides:

**Art. 17.151. Release because of delay**
Sec. 1. A defendant who is detained in jail pending trial of an accusation against

him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony....

TEX.CODE CRIM.P.ANN. art. 17.151 (Vernon Supp.1993).

In *Jones v. State,* the court recognized the continued viability of article 17.151 despite the unconstitutionality of the Speedy Trial Act, TEX.CODE CRIM.P.ANN. art. 32A.02 (Vernon 1989). 803 S.W.2d 712, 714–15 (Tex.Crim.App.1991). At least two courts of appeals had previously ruled that because article 17.151 was passed as part of the same Senate Bill as the Speedy Trial Act, it too had been struck down. *Id.* at 714. The *Jones* court reversed those decisions. The court noted the purpose of the legislation: "The statute at least guarantees an accused will not be detained pretrial for an inordinate length [of time] on account of a lack of diligence by the State in preparing its case." *Id.* at 717.

 Bail may be denied in capital offenses when the proof is evident, or when the requirements of TEX. CONST. art. I, § 11a are met. *Jones,* 803 S.W.2d at 717. Neither situation is present in this case.

Jones was indicted for murder and capital murder, and his combined bail was $550,000. By writ of habeas corpus, Jones requested a bond of $14,000. The trial court reduced the bond to $105,000, and an appeal was taken. Jones argued that he was entitled to have his bond set at $14,000 by operation of article 17.151 because the State had not shown that it was ready within 90 days of his detention. The State argued that an "exceptional circumstance" could toll the statutory period, and the fact its key witness was under indictment in California and could not be present at trial was such an exceptional circumstance. The court replied that unlike article 32A.02, there are no provisions in article 17.151 to toll the statutory time limit to accommodate exceptional circumstances. *Jones,* 803 S.W.2d at 719. Under article 17.151, Jones

was entitled to "be released either on personal bond or by reducing the amount of bail required[.]" *Id.*

"The requirement that the detainee 'be released ... by reducing the amount of bail means that bail must be reduced to an amount the detainee can afford to pay.' " *Ex parte Kernahan,* 657 S.W.2d 433, 434 (Tex.Crim.App.1983); *Ex parte McNeil,* 772 S.W.2d 488, 489–90 (Tex.App.—Houston [1st Dist.] 1989, no pet.); *see* Op.Tex.Att'y Gen. No. H–1130 (1978).

The State admits that it did not announce ready within the 90–day period. Thus, the State failed to make a prima facie showing of readiness as required by law. *Jones,* 803 S.W.2d at 717. Because the State failed to make its proof, article 17.151 requires that appellants be released either on personal bond or by reducing the amount of bail to an amount appellants can afford to pay.

We therefore reverse the ruling of the trial court denying habeas corpus relief and set bail in each case at $10,000.