**Shon Dwayne DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–93–246–CR.**

Court of Appeals of Texas, Waco.

Dec. 8, 1993.

B. Dwight Goains, Waco, for appellant.

John W. Segrest, Criminal Dist. Atty. Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Shon Dwayne Dixon appeals the trial court's denial of his application for writ of habeas corpus. Dixon was arrested for capital murder on July 30, 1993, and his bail was set at $20,000. On October 27, eighty-nine days after his arrest for capital murder, he was indicted for aggravated robbery. The trial court set a hearing on his application for writ of habeas corpus for October 28, within ninety days from the commencement of his detention; but the hearing was not held until October 29, on the ninety-first day after his arrest. In his sole point of error Dixon contends that article 17.151 of the Texas Code of Criminal Procedure required the trial court to release him either on a personal recognizance bond or by reducing the amount of bail required, because the State

did not "announce" ready within ninety days from the commencement of his detention.[1]

■ Notwithstanding article 17.151 of the Code of Criminal Procedure, bail may be denied in capital cases "when the proof is evident."[2] The proof supporting the capital murder charge, however, was apparently not evident because, according to the prosecutor, after reviewing the evidence the State decided to indict on aggravated robbery rather than capital murder. Therefore, we turn to the application of article 17.151.

Initially, we note that article 17.151 requires a defendant to be released "if the state is not ready for trial" within ninety days from his arrest.[3] It does not require the State to "announce" its readiness for trial within ninety days.[4] In *Jones v. State*, the Texas Court of Criminal Appeals recognized that, under article 17.151, the State may prove that it was ready within the applicable time period by "announcing within the allotted time that it is ready, or by announcing retrospectively that it had been ready within the allotted time.[5]

■ At the hearing on Dixon's application for writ of habeas corpus, the prosecutor testified that the State was ready for trial as of the date of the indictment and within ninety days from Dixon's arrest. We find that such an announcement is sufficient to establish a prima facie showing within ninety days of Dixon's arrest.[6] Because the State made a prima facie showing that it was ready for trial, we turn next to the question of whether Dixon rebutted the State's prima facie case.

---

1. *See* TEX.CODE CRIM.PROC.ANN. art. 17.151, § 1 (Vernon Supp.1993).

2. *See* TEX. CONST. art. I, § 11; *Ex parte Jackson*, 807 S.W.2d 384, 386 (Tex.App.—Houston [1st Dist.] 1991, no pet.).

3. *See* TEX.CODE CRIM.PROC.ANN. art. 17.151, § 1.

4. *But cf. Moreno v. State*, 845 S.W.2d 467, 468–69 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (holding that the State failed to make a prima facie showing of readiness because "it did not announce ready within the 90-day period"). In *Moreno*, the State conceded that it did not announce ready for trial within ninety days of the appellant's detention. *Id.* at 468. More importantly, however, the prosecutor in *Moreno* said nothing for the record at the habeas corpus

hearing, and, therefore, failed to prove, retrospectively, that it had been ready within the allotted time. *See id.* at 469. As a result, the Houston Court of Appeals did not discuss the validity of a retrospective announcement, and we are not persuaded by its unnecessary reliance upon the State's failure "to announce ready within the 90-day period" as the basis for its holding in *Moreno*. *See id.* (citing *Jones v. State*, 803 S.W.2d 712, 717 (Tex.Crim.App.1991)).

5. *Jones*, 803 S.W.2d at 717.

6. *See Carter v. State*, 664 S.W.2d 739, 740 (Tex. App.—Waco 1983, no pet.), *cited with approval in Jones*, 803 S.W.2d at 718.

Dixon's only attempt to rebut the State's prima facie case was to establish on cross-examination that the prosecutor had not yet subpoenaed any witnesses—otherwise, he relied solely upon the State's failure to "announce" ready for trial within ninety days. The prosecutor testified that his office did not issue subpoenas until a trial date is set. Indeed, the Court of Criminal Appeals has held that the issuance of a subpoena is not essential to the State's readiness for trial.[7] Because Dixon failed to rebut the State's prima facie case, the trial court did not err in denying his application for writ of habeas corpus. Accordingly, we overrule Dixon's sole point of error and affirm the order of the trial court.

7. *Philen v. State,* 683 S.W.2d 440, 444 (Tex.Crim. App.1984), *cited with approval in Jones,* 803 S.W.2d at 719.