Darcy DePENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–166–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 1, 2001.

John S. Gilmore, Jr., Gilmore & Granberry, Joseph V. Collina, Corpus Christi, for Appellant.

Carlos Valdez, Nueces County Dist. Atty., Mark Skurka, Asst. Dist. Atty., Corpus Christi, for State.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

This is an accelerated appeal from an order denying appellant Darcy DePena's pre-trial motion to reduce bond. Appellant raises one point of error complaining that the trial court abused its discretion by imposing an appearance bond of $1,000,000.00. We reverse the trial court as to the amount of bail, set bail in the amount of $300,000.00, and affirm the trial court as to the conditions of bail.

On January 3, 2001, appellant surrendered himself after a warrant was issued for his arrest. Appellant was charged with a second degree felony of aggravated assault for allegedly throwing an individual off a balcony, resulting in the individual's paralysis. The magistrate judge set appellant's pre-trial bond at $100,000.00. On January 4, 2001, appellant filed a motion

for a hearing to reduce the $100,000.00 bond. On January 11, 2001, a grand jury issued an indictment and set bail at $1,000,000.00. After an evidentiary hearing, the trial court refused to reduce the $1,000,000.00 appearance bond set by the grand jury.

■■■ We review the trial court's decision based on an abuse of discretion standard.[1] TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.2001); *Ex parte Milburn*, 8 S.W.3d 422, 424 (Tex.App.—Amarillo 1999, no pet.). The burden is on the appellant to show that bail is excessive. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex.Crim.App.1980). The court's discretion in setting the amount of bail is governed by the following rules:

1) The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2) The power to require bail is not to be used as an instrument of oppression.

3) The nature of the offense and the circumstances under which it was committed are to be considered.

4) The ability to make bail is to be regarded, and proof may be taken upon this point.

5) The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.2001).

■■■ The primary purpose of an appearance bond is to secure the presence of defendant in court. *See, e.g., Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex.Crim.App.[Panel Op.] 1980); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex.Crim. App.1977); *Ex parte Brown*, 959 S.W.2d 369, 371 (Tex.App.—Fort Worth 1998, no

---

1. A trial court abuses its discretion when it either renders an arbitrary and unreasonable opinion, or acts without reference to any guiding rules and principles. *Walker v. Pack-er*, 827 S.W.2d 833, 839 (Tex.1992); *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.1991).

pet.). Historically and constitutionally, bail balances the presumption of innocence of the accused with the compelling interest of the State that the accused appear to answer the accusation against him. *See Balboa v. State,* 612 S.W.2d 553, 557 (Tex.Crim.App.1981). Bail should not be so excessive as to guarantee defendant's appearance, but only to give a reasonable assurance that defendant will appear at trial. *See, e.g., Ex parte Ivey,* 594 S.W.2d 98, 99 (Tex.Crim.App.1980); *Vasquez,* 558 S.W.2d at 479; *Brown v. State,* 11 S.W.3d 501, 502 (Tex.App.—Houston [14th Dist.] 2000, no pet.). In this case, there is evidence that appellant stated he would attempt to flee to the Dominican Republic if he made bail. The court correctly considered the assurance of appellant's appearance for trial in setting the bail in a high amount.

■ However, bail should not be used as an instrument of oppression.[2] This factor may be analyzed by looking at the amount of bond in relation to bonds set for other crimes. *Ex parte Emery,* 970 S.W.2d 144, 146 (Tex.App.—Waco 1998, no pet.). Bail amounts approved in other Texas cases have generally been well below one million dollars.[3] In *Hughes v. State,* 843 S.W.2d 236, 237 (Tex.App.—Houston [14th Dist.] 1992, no pet.), the court affirmed a $100,000.00 bail on a first degree murder charge because of the violent nature of the crime and danger to the safety of the community. In *Esquivel v. State,* 922 S.W.2d 601, 604 (Tex.App.—San Antonio 1996, no pet.), the court affirmed a bond of $150,000.00 on fifteen counts of sexual assault, indecency with a child, and prohibited sexual assault. In *Ex parte Bell,* 784 S.W.2d 577, 579 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd, untimely filed), the court reduced an appeal bond of $150,000.00 to $10,000.00 for burglary of a habitation with intent to commit sexual assault. In relation to bonds set in other cases, we find the $1,000,000.00 bond in this case excessive.

■ It is appropriate to consider the nature of the offense and circumstances when setting the amount of a pre-trial bond. *Ex parte Davila,* 623 S.W.2d 408, 410 n. 2 (Tex.Crim.App.1981). In considering the nature of the offense, we consider possible punishment. *See Charlesworth,* 600 S.W.2d at 317; *Vasquez,* 558 S.W.2d at 480. In this case, appellant is charged with aggravated assault and, if convicted, faces a range of two to twenty years of imprisonment and a fine of not more than $10,000.00. Tex. Pen.Code Ann. §§ 12.33, 22.02 (Vernon 1994). Looking at the circumstances of the offense, there is evidence in the record that in addition to the horrific facts alleged,[4] appellant kicked in the door of a witness's house on the night of the offense and was violent towards people trying to assist the victim. These allegations substantiated the court's determination to set the bail in a high amount.

■ The ability of appellant to make bail and proof thereof is another factor to

---

**2.** Appellant has been incarcerated for more than eight months awaiting trial.

**3.** *See, e.g., Ludwig v. State,* 812 S.W.2d 323, 325 (Tex.Crim.App.1991) (reduced bail from $1,000,000.00 to $50,000.00 where appellant charged with capital murder of two individuals); *Montalvo v. State,* 786 S.W.2d 710, 711 (Tex.Crim.App.1989) (setting bail on murder conviction pending appeal at $25,000.00); *Ex parte Ivey,* 594 S.W.2d 98, 100 (Tex.Crim.App.

1980) (reduced an appeal bond in an armed robbery case from $250,000.00 to $50,000.00); *Ex parte Vasquez,* 558 S.W.2d 477, 480 (Tex.Crim.App.1977) (reduced a $100,000.00 bond for capital murder to $20,000.00).

**4.** Appellant allegedly threw the victim off of a two story balcony. The victim suffered a severed spinal cord in her lower back and is permanently paralyzed from her waist down.

be considered by the court. Although the ability to make bail is a factor, it is not dispositive. *See Ex parte Jones,* 803 S.W.2d 712, 716 (Tex.Crim.App.1991); *Esquivel v. State,* 922 S.W.2d 601, 603 (Tex. App.—San Antonio 1996, no pet.). Here, there is evidence that appellant could raise $25,000.00 to make bail. If bond companies ask for a ten percent premium, appellant could at best make bail of $250,000.00. By setting the bond amount at $1,000,000.00, the trial court set bond four times higher than what appellant could reasonably provide. We conclude that this amount constitutes a *de facto* setting of no bond. *Cf. Ludwig v. State,* 812 S.W.2d 323, 325 (Tex.Crim.App.1991) (bail reduced from $1,000,000.00 to $50,000.00 after evidence established appellant could only post a $100,000.00. bail).[5]

After consideration of the rules set out in article 17.15 of the Texas Code of Criminal Procedure and the evidence presented to the trial court, we order that appellant's bail be lowered to $300,000.00.

In addition to the $1,000,000.00 bond, the court ordered various conditions to apply if the bail was met. The conditions include electronic monitoring, weekly drug testing, and appellant's assurance to avoid contact with the victim or any other parties that may be involved in the trial. These conditions provide assurance of the victim's and the community's future safety. We order that all conditions previously set by the trial court remain in effect if appellant makes the $300,000.00 bail.

In conclusion, we hold that the court abused its discretion in setting bond at $1,000,000.00. Accordingly, appellant's sole point of error is sustained and the trial court is reversed as to the amount of bail. Appellant's bail is reduced to $300,000.00. The trial court is affirmed as to the conditions to apply if bail is met.

**5.** The Texas Court of Criminal Appeal's further concluded that setting bail ten times more than what appellant could provide was "far more than ... sufficient to give reasonable assurance [defendant would] appear for trial.... [T]his [c]ourt has yet to condone a bail amount even approaching seven figures, even in a capital case." *Ludwig v. State,* 812 S.W.2d 323, 325 (Tex.Crim.App.1991).