Gabriel RAMOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–296–CR.

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Aug. 30, 2002.

John S. Gilmore, Jr., Gilmore & Granberry, Joseph V. Collina, Corpus Christi, for appellant.

1. Appellant was apparently re-indicted on March 16, 2001, as the indictment is designated "RE–INDICT."

2. *See* TEX. PEN.CODE ANN. § 19.03(a)(7)(A) (Vernon 1994).

3. *See* TEX. PEN.CODE ANN. § 19.02(b)(1) (Vernon 1994).

4. *See* TEX. PEN.CODE ANN. § 71.02(a)(1) (Vernon Supp.2002).

5. Although the record contains no written order denying the motion, the docket sheet contains an entry noting that the motion was denied on March 25, 2001.

Carlos Valdez, Nueces County District Attorney, James D. Rosenkild, Assistant District Attorney, Corpus Christi, for state.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

In a single issue, appellant Gabriel Ramos contends the trial court abused its discretion in denying his pre-trial motion to reduce bail set in the amount of one million dollars. We affirm.

## Background

On March 16, 2001, appellant was charged by indictment[1] with the offenses of capital murder,[2] murder,[3] and engaging in criminal activity.[4] On March 15, 2001, he filed a "Motion for Bail Reduction," and following a hearing on March 23, 2001, the trial court denied the motion.[5] On April 5, 2001, appellant filed a "Motion for Release by Bail Reduction" based on article 17.151 of the code of criminal procedure,[6] which was heard on April 19, 2001 and denied the same day.[7] On April 30, 2001, appellant

6. *See* TEX.CODE CRIM. PROC. ANN. art. 17.151 § 1(1) (Vernon Supp.2002) (providing that when the State is not ready for trial within ninety days of a criminal defendant's detention, the trial court must either release the defendant upon personal bond, or reduce the bail amount).

7. The written order denying appellant's motion following the April 19, 2001 hearing states that the "foregoing matter, wherein Defendant, by and through counsel, seeks to reduce bail" is denied. We construe the order as denying the motion heard on April 19, 2001. Although the written order denying the motion was not originally included in the record, it has since been provided in a Sup-

filed a notice of appeal, in which he appeals the "Order Denying Reduction in Pretrial Bail."[8]

The State contends that: (1) this Court lacks jurisdiction over this appeal because appellate courts do not have jurisdiction over interlocutory criminal appeals unless such jurisdiction is expressly provided by statute; (2) the record contains no written orders denying appellant's motions and the docket sheet entries cannot satisfy the requirements of a written order; (3) appellant failed to timely appeal the denial of his March 15, 2001 motion; and (4) the trial court did not abuse its discretion in denying appellant's April 5, 2001 motion because the State made a *prima facie* showing that it was ready for trial within the statutory time limit, which appellant failed to rebut.

## Jurisdiction

The State contends this Court lacks jurisdiction to address this appeal because the order denying appellant's motion to reduce bail is an interlocutory order for which appellate courts have not been expressly granted jurisdiction to review. Accordingly, we begin by addressing our jurisdiction.

█ In support of its position that this Court lacks jurisdiction because no statute expressly vests courts of appeals with jur-

isdiction over a direct appeal of a pre-trial bail ruling, the State cites *Benford v. State*, 994 S.W.2d 404, 409 (Tex.App.-Waco 1999, no pet.), and *Ex parte Shumake*, 953 S.W.2d 842, 846 (Tex.App.-Austin 1997, no pet.). In *Benford*, the Waco Court of Appeals held that it lacked jurisdiction to consider an interlocutory appeal of a pre-trial ruling *increasing* bail on grounds that absent an express statutory grant of such jurisdiction, the court lacked such jurisdiction. *See Benford*, 994 S.W.2d at 409. In its analysis, the *Benford* court noted that the court of criminal appeals has "suggested that article I, sections 5 and 6 of the Texas Constitution confers jurisdiction on the appellate courts over appeals from pretrial bail determinations." *Benford*, 994 S.W.2d at 409 (citing *Primrose v. State*, 725 S.W.2d 254, 255–56 (Tex.Crim.App. 1987) (per curiam)). In *Primrose*, the court of criminal appeals held that it had no direct appellate jurisdiction over the appeal of an order denying bail in a capital case pursuant to article I, section 11 of the Texas Constitution. *Primrose*, 725 S.W.2d at 255–56.[9] In a footnote, the *Primrose* court noted that "[former appellate rule 44 (now appellate rule 31)][10] clearly contemplates direct appeals 'in habeas corpus *and* bail proceedings. . . .' That appeal is to be 'taken to the court of appeals' " *Id.* at 256

---

plemental Clerk's Record pursuant to this Court's request. *See* TEX.R.APP. P. 34.5(c)(1), (3).

**8.** Because the docket sheet reflects that appellant's March 15, 2001 "Motion for Bail Reduction" was denied on March 25, 2001 and notice of appeal was filed on April 30, 2001, appellant failed to timely appeal the denial of his March 15, 2001 motion. *See* TEX.R.APP. P. 26.2(a)(1). Accordingly, we construe appellant's appeal as pertaining to the denial of his April 5, 2001 motion.

**9.** In its discussion, the court of criminal appeals distinguished its holding in *Clapp v.*

*State*, 639 S.W.2d 949 (Tex.Crim.App.1982), in which it held that it has exclusive jurisdiction over appeals from orders denying bail in *non-capital cases*, from its holding in *Beck v. State*, 648 S.W.2d 7 (Tex.Crim.App.1983), in which it held that the courts of appeals have direct appellate jurisdiction of all orders denying bail *in capital cases*. *Primrose*, 725 S.W.2d at 255–56.

**10.** Texas Rule of Appellate Procedure 31.1 provides, in relevant part, "[w]hen written notice of appeal from a judgment or order in a *habeas corpus or bail proceeding* is filed, . . ." TEX.R.APP. P. 31.1 (emphasis added).

n. 3 (emphasis in original).[11]

In discussing cases since *Primrose*, the *Benford* court stated that the First Court of Appeals is the "only court which has expressly followed *Primrose*." *Benford*, 994 S.W.2d at 409 (citing *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding)). The *Benford* court noted, however, that "[t]he Fort Worth and Dallas courts have agreed somewhat, recognizing a 'narrow' exception allowing interlocutory appeals in cases where the trial court has denied a motion to reduce bail." *Id.* (citing *Wright v. State*, 969 S.W.2d 588, 589 (Tex.App.-Dallas 1998, no pet.); *McKown v. State*, 915 S.W.2d 160–61 (Tex.App.-Fort Worth 1996, no pet.)); *see also Saliba v. State*, 45 S.W.3d 329, 329 (Tex.App.-Dallas 2001, no pet.) (holding appeal of denial of motion to reduce bond is among "narrow exceptions" to general rule requiring conviction before a defendant may appeal); *Bridle v. State*, 16 S.W.3d 906, 907 n. 1 (Tex.App.-Fort Worth 2000, no pet.) (same). After analyzing the issue and citing favorably the reasoning of the Austin Court of Appeals in *Shumake*, the *Benford* court concluded that it had no jurisdiction over the appeal of a pre-trial order increasing bail because no statute expressly grants the courts of

appeals with jurisdiction over direct appeals of pre-trial bail rulings. *Benford*, 994 S.W.2d at 409.

In *Shumake*, the Austin Court of Appeals held it had no jurisdiction over an appeal of a pre-trial order granting the State's motion to increase bail. *Shumake*, 953 S.W.2d at 846–47. The *Shumake* court held "that the *dictum* in *Primrose* is not controlling and [we] decline to read its footnote 3 broadly to provide for a direct appeal in all bail proceedings." *Id.* at 846.[12] The court stated,

No consideration was given [by the *Primrose* majority] to the possibility that construing Rule 44(a) as giving rise to a right to appeal an order not appealable under pre-rules law might violate the prohibition upon the rules abridging, enlarging or modifying the substantive rights of a litigant.

*Id.* at 846–47 (citations omitted).

■ We decline to follow the *Shumake* court's presumption that footnote three in *Primrose* is merely "*dictum*" that is "not controlling" on this Court. *Shumake*, 953 S.W.2d at 846. We conclude that rule of appellate procedure 31.1, which refers to "notice of appeal from a judgment *or order* in a *habeas corpus* or *bail proceeding*"

11. We note that former rule of appellate procedure 44(b), entitled "Hearing," stated, "[s]uch cases [appeals of *habeas corpus* or bail proceedings] *taken to the court of appeals* by appeal, shall be heard at the earliest practicable time." TEX.R.APP. P. 44(b) (707–708 S.W.2d lvi, Tex. Sup.Ct. and Tex.Crim.App. 1986, amended 1997) (current version at TEX. R.APP. P. 31.2) (emphasis added). Following the 1997 amendments to the rules, rule 31.2 entitled "Hearing," now states simply, "[a]n appeal in a *habeas corpus* or bail proceeding will be heard at the earliest practicable time." Thus, the current rule omits any reference to such appeals being taken to the court of appeals. *See* TEX.R.APP. P. 31.2. We note that the comments to rule 31 state, "This is former Rule 44. Since the purpose of the appeal is

to do substantial justice, it is extended to both parties in recognition that both parties now have the right to appeal. *Other nonsubstantive changes are made*." TEX.R.APP. P. 31 cmt. (emphasis added).

12. We note that Presiding Judge Onion (retired) wrote the opinion in *Shumake*. *Ex Parte Shumake*, 953 S.W.2d 842, 842 (Tex. App.-Austin 1997, no pet.). In *Primrose*, Presiding Judge Onion wrote a concurring opinion, in which he specifically declined to join footnote three of the majority opinion. Thus, *Shumake* provided Judge Onion an opportunity to restate and explain his earlier-stated criticism of the position taken by the *Primrose* majority.

contemplates appeals of orders in bail proceedings. *See* TEX.R.APP. P. 31.1; *see also Ex parte Johnson*, 876 S.W.2d 340, 345 (Tex.Crim.App.1994) (Baird, J. concurring) ("The Courts of Appeals also have direct appellate jurisdiction of questions concerning whether bail is excessive or unreasonable."). Moreover, without questioning or addressing jurisdiction, this Court recently reversed and remanded a trial court's order denying an appellant's pre-trial motion to reduce bond, holding that the million-dollar bond was excessive. *See De Pena v. State*, 56 S.W.3d 926, 927–28 (Tex.App.-Corpus Christi 2001, no pet.). Because jurisdiction is fundamental, an appellate court must determine, *sua sponte*, whether it has jurisdiction to consider an appeal. *Vega v. Davila*, 31 S.W.3d 376, 378 (Tex. App.-Corpus Christi 2000, no pet.). Thus, we conclude that this Court had jurisdiction to consider the denial of the motion to reduce bond in *De Pena*, and we follow *De Pena* in concluding that we have jurisdiction in the present case.[13] We hold that we have jurisdiction over the order denying appellant's motion to reduce bail. *See De Pena*, 56 S.W.3d at 927–28; *Clark*, 827 S.W.2d at 557; *Wright*, 969 S.W.2d at 589; *McKown*, 915 S.W.2d at 161; *Saliba*, 45 S.W.3d at 329; *Bridle*, 16 S.W.3d at 907 n. 1.

### Denial of Motion to Release

Appellant contends the trial court erred in failing to either release him on personal bond or reduce the amount of his bail because pursuant to article 17.151 of the code of criminal procedure, when the State is not ready for trial within ninety days of a criminal defendant's detention, the trial court must release the defendant either on a personal bond, or by reducing the amount of bail required. TEX.CODE CRIM. PROC. ANN. art. 17.151 § 1(1) (Vernon Supp. 2002);[14] *Rowe v. State*, 853 S.W.2d 581, 582 (Tex.Crim.App.1993); *Ex parte Ancira*, 942 S.W.2d 46, 47 (Tex.App.-Houston [14th Dist.] 1997, no pet.). In his April 5, 2001 "Motion for Release by Bail Reduction," appellant argues that at the time of the filing of his motion, he had been confined since his voluntary surrender on January 2, 2001, a period in excess of the ninety-day statutory period.

When a defendant complains that the State is not ready to try the case within the statutory time period, the State has the burden to make a *prima facie* showing of its readiness. *Jones v. State*, 803 S.W.2d 712, 717 (Tex.Crim.App.1991); *Ex parte Brosky*, 863 S.W.2d 775, 778 (Tex.App.-Fort Worth 1993, no pet.). Once the State has made its *prima facie* showing of readiness by either announcing ready within the allotted time, or by stating retrospectively that it had been ready within the allotted time, it is the defendant's burden to rebut the State's showing in order to be entitled to relief. *Jones*, 803 S.W.2d at 718; *Applewhite v. State*, 872

---

**13.** We note that in a recent unpublished opinion, this Court held that we had no jurisdiction over an appeal of an order denying a pretrial motion to reduce bond. *See Ex Parte Saldana*, Nos. 13–01–360–CR, 13–01–361–CR, 2002 WL 91331, at *2–*3, 2002 Tex.App. LEXIS 536, at *6–*7(Tex.App.-Corpus Christi Jan. 24, 2002, no pet.) (not designated for publication). Insofar as our holding in *Saldana* is in conflict with this case, we disapprove of that opinion.

**14.** Article 17.151 provides, in pertinent part:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony;

TEX.CODE CRIM. PROC. ANN. art. 17.151 § 1(1) (Vernon Supp.2002).

S.W.2d 32, 34 (Tex.App.-Houston [1st Dist.] 1994, no pet.); *Brosky,* 863 S.W.2d at 778. It is not enough, however, for the State to appear in open court after the running of the applicable period and declare itself at that time ready for trial. *See Jones,* 803 S.W.2d at 717. Evidence rebutting the *prima facie* showing may be from any source, including cross-examination of those responsible for preparing the State's case, and may consist of, among other things, a demonstration that the State did not have a key witness or piece of evidence available by the last day of the applicable time limit. *See id.; Applewhite,* 872 S.W.2d at 34. In the absence of sufficient rebuttal, the trial court has the discretion to find the State was timely ready for trial. *Jones,* 803 S.W.2d at 719; *Brosky,* 863 S.W.2d at 778.

Here, at the April 19, 2001 hearing on appellant's motion, a discussion took place regarding the setting of trial dates for appellant and other defendants:

> [Appellant's counsel]: At this point, Judge, as far as Mr. Ramos is concerned, depending on the court's ruling on the motion to release, we are not in any hurry for trial, but if the court does not rule favorably, then we want the earliest setting possible.
>
> [State]: Your Honor, Mr. Sales [the prosecutor who was present at appellant's March 23, 2001 hearing] asked me to advise you, tell the court that to announce ready, that he will be available to try the case any time except the week of June 22 being that's a Friday.
>
> \* \* \* \* \*
>
> [State]: Your Honor, actually the statute that [appellant's counsel] is relying on states that if the State is not ready for trial for the criminal action for which

he is being detained from 90 days from the commencement of his detention. I wasn't here at the prior hearing, but I was informed by Mr. Sales that he had previously announced ready and has never announced not ready. So under the statute, the State has never announced not ready. I don't believe this case has ever been set for trial until today.

> [Appellant's counsel]: My understanding is[15] he did not announce ready at the last setting and requested a November trial setting. I think that would be reflected in the record also.

We have reviewed the record of the March 23, 2001 hearing. Although the record does not reflect that the State expressly announced ready, it shows that *the court,* in discussing its docket, not the State (as appellant's counsel represented), mentions a November trial date:

> [Court]: ... I have spoken earlier with Denise and in November, I start a capital murder case. May have another couple murder cases then in May. I believe it's August another capital murder that's going, but I think November I can start.
>
> [Appellant's counsel]: Depending on the bail situation, that may be entirely too far off because if Mr. Ramos' bail is going to result in his languishing in jail, we are going to move for speedy trial. *The State is really ready to go to trial in this case.*
>
> [Court]: What we will do is we will take up the hearing on the motion to reduce bail and we can talk about setting a trial date.

(emphasis added).

At the conclusion of the March 23, 2001 hearing, the State offered five exhibits into

---

**15.** The record reflects that appellant filed a motion for substitution of counsel on April 5, 2001. Thus, the attorney representing him at the April 19, 2001 hearing was not present at the March 23, 2001 hearing.

evidence, including appellant's criminal history, "pen-pack," and exhibit number five, containing "witness statements and police reports, autopsy reports regarding the capital murder case present before the court."

 Article 17.151 does not require the State to "announce ready." *Dixon v. State*, 866 S.W.2d 115, 116 (Tex.App.-Waco 1993, no pet.). The question of the State's "readiness" within the statutory limits refers to the preparedness of the prosecution for trial. *Brosky*, 863 S.W.2d at 778 (citing *Behrend v. State*, 729 S.W.2d 717, 720 (Tex.Crim.App.1987)). We hold that the State made a *prima facie* showing that it was ready for trial within the statutory period. *See Dixon*, 866 S.W.2d at 116; *Jones*, 803 S.W.2d at 718. Accordingly, it became appellant's burden to rebut the State's showing of readiness. *See Jones*, 803 S.W.2d at 718.

Our review of the record, however, reveals that appellant offered no evidence to rebut the State's contention that it was ready within the statutory time period. Therefore, having failed to meet his burden, appellant was not entitled to release on a personal surety or to reduction of bail pursuant to article 17.151. *See Applewhite*, 872 S.W.2d at 34.

We hold the trial court did not err in denying appellant's motion for release pursuant to article 17.151. We affirm the judgment of the trial court.

Dissenting opinion by Justice ERRLINDA CASTILLO.

Dissenting Opinion by Justice CASTILLO.

I respectfully dissent. I believe this Court was correct in holding in *Ex parte Ramiro Saldana*, Nos. 13–01–360–CR, 13–01–361–CR, 2002 Tex.App. LEXIS 536, at *3–7, 2002 WL 91331, at *1–*3 (Tex.App.-Corpus Christi, January 24, 2002)(not designated for publication) that we have no jurisdiction over an appeal of the denial of a motion for bail reduction. Accordingly, I would dismiss the present appeal for want of jurisdiction.