NO. 12-05-00014-CR
NO. 12-05-00015-CR
NO. 12-05-00016-CR
NO. 12-05-00017-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

CHRISTOPHER RAY BLANTON,                   §     APPEAL FROM THE 420TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

                   
THE STATE OF TEXAS,                                  §     NACOGDOCHES COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            In one issue, Appellant Christopher Ray Blanton appeals the trial court’s denial of his motion
to reduce bond. We reverse and remand.

Background
            Appellant was arrested on four charges


 on October 1, 2004. Bond was set at $120,000 for
the four charges. On January 3, 2005, Appellant filed a motion to reduce bond.


 In his motion,
Appellant requested that the court grant bail on personal bond or reduce his bond to no more than
$10,000 pursuant to Texas Code of Criminal Procedure article 17.151 because the State was not
ready to proceed to trial within ninety days. The trial court denied Appellant’s motion. This appeal
followed.
Article 17.151
            A defendant who is detained in jail pending trial of a felony accusation against him must be
released, either on personal bond or by reducing the amount of bail required if the State is not ready
for trial of the criminal action for which he is detained within ninety days from the commencement
of his detention. Tex. Code Crim. Proc. Ann. art. 17.151 § 1(a) (Vernon 2005); Rowe v. State, 853
S.W.2d 581, 582 (Tex. Crim. App. 1993). “The Legislature couched [article] 17.151 in
unmistakably mandatory terms: ‘[I]f the State is not ready for trial within 90 days after
commencement of detention for a felony . . . the trial court has two options: release upon personal
bond or reduce the bail amount.’” Ex parte Ancira, 942 S.W.2d 46, 47 (Tex. App.–Houston [14th
Dist.] 1997, no pet.) (citing Rowe, 853 S.W.2d at 582). The court of criminal appeals has recognized
the continued viability of article 17.151 despite the unconstitutionality of the Speedy Trial Act, see
Tex. Code Crim. Proc. Ann. art. 32A.02 (Vernon 1989), which was passed as part of the same
Senate Bill. See Jones v. State, 803 S.W.2d 712, 714-15 (Tex. Crim. App. 1991). In declaring
article 17.151 constitutional, the court noted the purpose of the legislation: “The statute at least
guarantees an accused will not be detained pretrial for an inordinate length [of time] on account of
a lack of diligence by the State in preparing its case.” Id. at 717.
            When, as here, a defendant complains the State was not ready for trial within the statutory
time period, the State has the burden to make a prima facie showing that it was. See id.; Moreno v.
State, 845 S.W.2d 467, 469 (Tex. App.–Houston [1st Dist.] 1993, pet. ref’d). The State may satisfy
its burden either by announcing ready within the allotted time or by announcing retrospectively that
it had been ready within the allotted time. Jones, 803 S.W.2d at 717. In this case, the State did
neither.
            Appellant was arrested on October 1, 2004; thus, the State must have announced that it was
ready for trial by December 30, 2004. At the hearing held on January 6, 2005, ninety-seven days
after Appellant had been detained, the State did not show that it was ready for trial on December 30.


 
Therefore, pursuant to article 17.151, Appellant was entitled to release, either on personal bond or
by reducing the amount of bail. Accordingly, we sustain Appellant’s sole issue.

Disposition
            Having sustained Appellant’s sole issue, we reverse the trial court’s order and remand the
matter for further proceedings consistent with this opinion. 
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 22, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
















(DO NOT PUBLISH)