IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00119-CR

 

Julie Loraine Bradley,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F41042

 



ABATEMENT ORDER










 

            Julie Loraine Bradley was convicted of
intoxication manslaughter and sentenced to 20 years in prison.  Appointed
counsel for Bradley on appeal filed a motion to withdraw and an Anders
brief in support of that motion.  However, additional counsel has now made an
appearance in this Court and has requested an extension of time to file a brief
on the merits in this appeal.

            This appeal is abated to the trial
court to have a hearing within 30 days from the date of this Order to determine
whether the services of appointed counsel are still necessary.  If Bradley has
actually retained counsel and wants retained counsel to represent her in this
appeal, the trial court may allow appointed counsel to withdraw.  If appointed
counsel is allowed to withdraw, retained counsel’s brief on the merits in this
appeal is due within 30 days from the date of the trial court’s hearing.  

            Supplemental clerk’s and reporter’s
records are due in this Court within 45 days from the date of this Order.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed February 13, 2008






style="font-size: 14pt">                                                                                                                

O P I N I O N
                                                                                                                

      Roger Daugherty was arrested on May 9, 1998, for indecency with a child. See Tex. Pen.
Code Ann. § 21.11 (Vernon 1994).


 He was indicted on June 25, 1998. He remains incarcerated
because he has been unable to post the bond set by the magistrate before whom he first appeared. 
On August 21, Daugherty filed a petition and application for writ of habeas corpus requesting
relief under article 17.151 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann.
art. 17.151 (Vernon Supp. 1998). After a hearing, the court denied the relief. Daugherty now
appeals.
      Article 17.151 provides in part that a defendant who is “detained in jail pending trial of an
accusation against him must be released either on personal bond or by reducing the amount of bail
required, if the state is not ready for trial of the criminal action for which he is being detained
within . . . (1) 90 days from the commencement of his detention if he is accused of a felony; . .
. .” Id. Relying on this provision, Daugherty filed his application. A hearing was held, at which
the State announced “ready” and stated “that it has been ready at all times since the indictment.” 
Testimony elicited by Daugherty suggests that the State was not ready to proceed to trial within
90 days from the date of his arrest. 
      At the hearing, B.J. Shephard, the District Attorney of Hamilton County, was called as an
adverse witness. He stated that the first announcement of ready was made at the habeas corpus
hearing and that, to the best of his knowledge, he had no list of witnesses. He could not say
whether anyone in his office had ever spoken with any of the witnesses, nor did he know where
to reach the witnesses. Finding a prima facie showing of readiness, the court denied the
application for writ of habeas corpus.
      Although the State’s announcement that it “has been ready” for trial establishes a prima facie
showing that it was ready within the applicable time period, that showing of readiness may be
rebutted by, “among other things, a demonstration that the state did not have a key witness or
piece of evidence available by the last day of the applicable time limit so that the state was not
ready for trial within that time limit.” Jones v. State, 803 S.W.2d 712, 717-18 (Tex. Crim. App.
1991) (citing Barfield v. State, 586 S.W.2d 538, 542 (Tex. Crim. App. 1979)). Although it is true
that the issuance of subpoenas is not essential to the State’s readiness for trial, the evidence here
shows more than the mere fact that witnesses had not yet been subpoenaed; it also shows that the
State did not know where to reach a single witness. Id. at 719; Philen v. State, 683 S.W.2d 440,
444 (Tex. Crim. App. 1984); Dixon v. State, 866 S.W.2d 115, 117 (Tex. App.—Waco, no pet.). 
      It was not within the court’s discretion to find that the State was timely ready for trial. Jones,
803 S.W.2d at 719; Barfield, 586 S.W.2d at 542. Under article 17.151, Daugherty is entitled to
either be released on personal bond or to have his bail amount reduced.


 Rowe v. State, 853
S.W.2d 581, 582 (Tex. Crim. App. 1993). In Rowe, the Court of Criminal Appeals stated that
the accused must be able to effectuate release. Id. at 582 n.1. The record indicates that Daugherty
has no money and no property with which to make bail. Accordingly, we reverse the order below
and remand this cause to the trial court with instructions to release Daugherty forthwith on his
personal bond. Tex. Code Crim. Proc. Ann. art. 17.151. 
 
                                                                       BILL VANCE
                                                                       Justice
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Reversed and remanded with instructions
Opinion delivered and filed October 8, 1998
Do not publish