

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00398-CR

EX PARTE DAVID YBARRA, JR.

On Appeal from the 50th District Court
Cottle County, Texas
Trial Court No. 4531, Honorable Bobby D. Burnett, Presiding

May 16, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

David Ybarra appeals a pretrial order revoking his bond. We will dismiss the appeal for want of jurisdiction.

In February 2018, Ybarra was arrested on a charge of aggravated assault causing serious bodily injury. The victim of that assault subsequently died. In March 2018, Ybarra was released on a $100,000 bond. As one of the conditions of his bond, Ybarra was prohibited from intimidating any witness to the offense or harassing members of the victim's family. The State later moved to revoke appellant's bond for failure to comply with that condition.

The trial court revoked appellant's bond by written order on October 10, 2018 following a June 2018 hearing.  The court's order expressly found that appellant "violated a condition of the bond imposed under CCP Art. 17.40 related to the safety of the community."  Ybarra appeals, arguing the trial court erred by revoking his bond and by denying his request to set a new bond.[1]  The State contends that the trial court's decision to revoke appellant's bond is an interlocutory order over which we lack appellate jurisdiction.  We agree with the State's position.

Section 11b of Article 1 of the Texas Constitution, adopted by voters in 2005 and amended in 2007, provides:

> Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.

TEX. CONST. art. I, § 11b.

Code of Criminal Procedure article 17.40 addresses bond conditions "related to the safety of a victim of the alleged offense or to the safety of the community."  TEX. CODE CRIM. PROC. ANN. art. 17.40(a) (West 2017).  Under article 17.40(b), if a magistrate finds by a preponderance of the evidence that the alleged violation of such a bond condition occurred, the magistrate "shall revoke the defendant's bond and order that the defendant be immediately returned to custody."  TEX. CODE CRIM. PROC. ANN. art. 17.40(b).

---

[1] The trial court's October 2018 order revokes appellant's bond but does not speak to setting a new bond.  The parties agree that no new bond has been set.

Our court, and others, have in the past noted that the "courts of appeals have split over whether appellate jurisdiction exists in regard to direct appeals from pretrial bail rulings…". *Vargas v. State,* 109 S.W.3d 26, 29 (Tex. App.—Amarillo 2003, no pet.) (citing *Ramos v. State*, 89 S.W.3d 122, 124-26 (Tex. App.—Corpus Christi 2002, no pet.); *Benford v. State,* 994 S.W.2d 404, 409 (Tex. App.—Waco 1999, no pet.); *Ex parte Shumake,* 953 S.W.2d 842, 846-47 (Tex. App.—Austin 1997, no pet.); *Wright v. State,* 969 S.W.2d 588, 589-90 (Tex. App.—Dallas 1998, no pet.)).

We noted the same in 2010. *Daley v. State,* No. 07-10-00200-CR, 2010 Tex. App. LEXIS 7974, at *3-4 (Tex. App.—Amarillo Sept. 29, 2010, no pet.) (mem. op., not designated for publication). The Court of Criminal Appeals resolved this split among the intermediate courts in its opinion in *Ragston v. State,* 424 S.W.3d 49 (Tex. Crim. App. 2014).

In *Ragston*, the Court of Criminal Appeals rejected intermediate court opinions that had relied on a footnote in the 1987 case of *Primrose v. State*[2] and on Rule 31.1 of the Rules of Appellate Procedure to find jurisdiction to review interlocutory orders regarding excessive bail or the denial of bail. Instead the court reiterated its previous holding that courts of appeals "do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law." 424 SW.3d at 52 (quoting *Apolinar v. State,* 820 S.W.2d 792, 794 (Tex. Crim. App. 1991)). The court went on to hold "[t]here is no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id. See also* 41

---

[2] 725 S.W.2d 254, 256, n.3 (Tex. Crim. App. 1987).

George E. Dix & John M. Schmolesky, TEX. PRAC., CRIMINAL PRACTICE AND PROCEDURE § 21:72 (3d ed. 2011) (citing *Wright,* 969 S.W.2d at 589-90) (order revoking bail not appealable).

As was the case in *Daley,* appellant is not appealing from a denial of a pretrial application for writ of habeas corpus. *Daley*, 2010 Tex. App. LEXIS 7974, at *3-4. Such a denial is appealable. *Id.* (citations omitted). Rather, appellant asks us to review the trial court's October 2018 order revoking his bond. We have no authority to entertain appellant's appeal. *Ragston,* 424 S.W.3d at 52. *See also Vargas,* 109 S.W.3d at 29; *Daley,* 2010 Tex. App. LEXIS 7974, at * 6.

Accordingly, finding we have no jurisdiction to consider it, we dismiss the appeal. TEX. R. APP. P. 43.2(f).

James T. Campbell
Justice

Do not publish.