# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-20-00354-CR
NO. 03-20-00355-CR
NO. 03-20-00356-CR
NO. 03-20-00357-CR

---

**Blake Fairchild, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
NOS. 18-0373-K26, 19-0160-K26, 19-0733-K26, & 19-0734-K26
THE HONORABLE RICK J. KENNON, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Blake Fairchild seeks to appeal the trial court's order, signed on June 23, 2020, denying his pretrial motion for a bond reduction. In his motion, Fairchild argued that he was entitled to either a reduction of his bond or a release on a personal bond pursuant to Texas Code of Criminal Procedure article 17.151.

The standard for determining jurisdiction of an appellate court "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008)). Courts of appeals lack jurisdiction to review interlocutory orders in a criminal appeal unless that jurisdiction has been expressly granted by law. *Id*. "There is

no constitutional or statutory authority granting the courts of appeals jurisdiction to hear interlocutory appeals regarding excessive bail or the denial of bail." *Id.* (affirming appellate court's dismissal of interlocutory appeal of a pretrial motion for bond reduction and overruling "a number of courts of appeals [that] have held they do have jurisdiction to hear an interlocutory appeal from a pretrial motion for bond reduction," *see Ramos v. State*, 89 S.W.3d 122, 124-26 (Tex. App.—Corpus Christi 2002, no pet.); *Clark v. Barr*, 827 S.W.2d 556, 557 (Tex. App.—Houston [1st Dist.] 1992, no writ)).

Because the interlocutory order that is the subject of these appeals—a motion for a bond reduction or a personal bond—is not an appealable order, we lack jurisdiction over these appeals. Accordingly, we dismiss the appeals for want of jurisdiction.[1] *See* Tex. R. App. P. 43.2(e).

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Baker and Kelly

Dismissed for Want of Jurisdiction

Do Not Publish

Filed: September 18, 2020

---

[1] It appears from the clerk's record that after Fairchild filed his notice of appeal in this Court, he filed an application for writ of habeas corpus in the trial court asserting that he is entitled to release on personal bond under article 17.151. Although a ruling on that application would be appealable, *see Ex parte Gill*, 413 S.W.3d 425, 426 (Tex. Crim. App. 2013) (review of denial of application for writ of habeas corpus under article 17.151), nothing in the record before us indicates that the trial court has, at this time, ruled on that application.