

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-25-00099-CR |
| EX PARTE: | § | Appeal from the |
| MICHAEL NICASIO, | § | 205th District Court |
| Appellant. | § | of Hudspeth County, Texas |
| | § | (TC# CV-06067-205) |

## MEMORANDUM OPINION

Appellant, Michael Nicasio, appeals the trial court's order denying his request for habeas relief. For the reasons stated below, we reverse the trial court's order denying habeas relief and remand the cause to the trial court with instructions to either grant Nicasio's request for a personal bond or set Nicasio's bond in an amount he can afford to pay.

## I. BACKGROUND

On February 11, 2025, Nicasio filed an Application for Writ of Habeas Corpus for Personal Bond or Bond Reduction. In his application, Nicasio argued that because more than 90 days had passed since the date of his arrest and the State had not obtained an indictment charging him with an offense, he was entitled to release from custody subject to either a personal bond or a bond set in an amount he could afford.

The trial court held a hearing on Nicasio's habeas application on March 20, 2025. At the hearing, Nicasio asserted that he was arrested on November 6, 2024; that the charges included three felonies and a class A misdemeanor offense; that an indictment charging him with the commission of these offenses had not been returned until March 7, 2025, which was 122 days after the date of his arrest; and that he was therefore entitled, under Article 17.151 of the Texas Code of Criminal Procedure, to release on either a personal bond or a bond set in an amount that he could afford.

The State opposed Nicasio's request for relief. The State conceded that Nicasio was not charged by indictment within 90 days of the date of his arrest. The State contended, however, that "since then, the case has been filed[, s]o that argument of the writ would be moot since the case has since been filed."

Although Nicasio argued that an indictment returned more than 90 days after his date of arrest could not "cure the fact that the State was not ready at the 90th day," the trial court declined to reduce any of Nicasio's bond amounts.

Finally, at the conclusion of the hearing on March 20, 2025, the trial court signed an order denying Nicasio's request for habeas relief.

## II.    STANDARD OF REVIEW

"We review a trial court's decision to deny relief on a claim that the State violated article 17.151 for an abuse of discretion." *Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.) (mem. op.) (per curiam); *see Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte Alvarez*, No. 13-23-00378-CR, 2024 WL 2970836, at *1 (Tex. App.—Corpus Christi June 13, 2024, no pet.) (mem. op., not designated for publication). A trial court abuses its discretion if it applies an incorrect legal standard or if "no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most

favorable to its legal conclusion." *Ex parte Smith*, 486 S.W.3d 62, 64–65 (Tex. App.—Texarkana 2016, no pet.) (quoting *DuBose v. State*, 915 S.W.2d 493, 497–98 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

### III.  ANALYSIS

Under Article 17.151 of the Texas Code of Criminal Procedure, "[a] defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: . . . 90 days from the commencement of his detention if he is accused of a felony." Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1). "When a defendant complains the State was not ready within the statutory time period, the State ha[s] the burden to make a *prima facie* showing that it was." *Ex parte Brosky*, 8de63 S.W.2d 775, 778 (Tex. App.—Fort Worth 1993, no pet.); *see Ex parte Ragston*, 422 S.W.3d 904, 906 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Moreno v. State*, 845 S.W.2d 467, 469 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). The State cannot, however, be ready for trial without an indictment. *See Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *Ex parte Cardenas*, 631 S.W.3d 758, 761 (Tex. App.—El Paso 2021, no pet.). Further, the return of an indictment against a defendant who has been in jail for more than 90 days does not moot the defendant's complaint under Article 17.151. *See Alvarez*, 2024 WL 2970836, at *2–3; *Ex parte Castlino*, No. 14-10-00110-CR, 2010 WL 2195829, at *2 (Tex. App.—Houston [14th Dist.] June 3, 2010, no pet.) (mem. op., not designated for publication) (per curiam); *Pharris v. State*, 196 S.W.3d 369, 373 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, Nicasio filed an application for writ of habeas corpus alleging that he was entitled to release from custody under Article 17.151. At the hearing on his application, the State both admitted that Nicasio was not indicted within 90 days of the date of the commencement of his

3

detention and failed to "indicate in any way that it was prepared for trial." *Ex parte Brown*, No. 06-15-00219-CR, 2016 WL 529600, at \*2 (Tex. App.—Texarkana Feb. 10, 2016, no pet.) (mem. op., not designated for publication). Further, the State filed a letter in this appeal stating that it agreed that Nicasio's point of appeal should be sustained and that Nicasio should be granted either a personal bond or a bond in an amount that he can afford.

Because it is uncontested that the State did not make a *prima facie* showing that it was ready for trial within the statutory time period, Nicasio was entitled to release under Article 17.151, and the trial court abused its discretion when it denied his request for habeas relief. *See Lanclos*, 624 S.W.3d at 927, 929; *Cardenas*, 631 S.W.3d at 762; *Brown*, 2016 WL 529600, at \*3; *Moreno*, 845 S.W.2d at 469.

## IV. CONCLUSION

Based on the foregoing, we reverse the trial court's order and remand this cause to the trial court to either release Nicasio on a personal bond or to set Nicasio's bond in an amount he can afford to pay. We direct the Clerk of this Court to immediately issue the mandate. *See* Tex. R. App. P. 2, 18.1. We dismiss any pending motions as moot.

MARIA SALAS MENDOZA, Chief Justice

July 11, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)

4