

# Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★       ★ ★ ★

# OPINION

Nos. 04-08-00596-CR, 04-08-00597-CR, and 04-08-00598-CR

**EX PARTE** Joe T. **ESTRADA** Jr.,

From the186th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CR-5918, 2008-CR-5919, & 2008-CR-5920
Honorable Maria Teresa Herr, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   November 19, 2008

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

     Joe T. Estrada Jr. was charged in separate indictments with two counts of burglary of a habitation and one count of capital murder. His bail was set at $20,000 in each of the burglary cases and at $1,000,000 in the capital murder case. Estrada filed an application for writ of habeas corpus in each case, seeking to reduce the amounts of his bail. The trial court denied relief in each case and Estrada appeals. We affirm the trial court's orders denying relief in the burglary of a habitation cases. However, we hold the bail in the capital murder case is excessive and order bail reduced to $600,000.

---

[1] These causes are pending in the 186th Judicial District Court, Bexar County, Texas, in which the Honorable Maria Teresa Herr is the presiding judge. However, the hearings on the applications for writs of habeas corpus were conducted by the Honorable Andrew W. Carruthers, Criminal Law Magistrate, pursuant to an order of referral.

**STANDARD OF REVIEW**

We review a trial court's pretrial bail determination under an abuse of discretion standard. *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). The burden is on appellant to demonstrate the trial court abused its discretion. *Id.* at 849. The trial court's discretion in setting bail is bounded and guided by our state and federal constitutions and state law. "The primary purpose or object of an appearance bond is to secure the presence of a defendant in court for the trial of the offense charged." *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980).[2] The amount of bail cannot be excessive. *See* U.S. CONST. amend. VIII (excessive bail shall not be required); TEX. CONST. art. I, § 13 (same); TEX. CODE CRIM. PROC. ANN. art. 1.09 (Vernon 2005) (same). Article 17.15 of the Texas Code of Criminal Procedure sets forth five "rules" to be considered in setting bail:

1.      The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2.      The power to require bail is not to be so used as to make it an instrument of oppression.

3.      The nature of the offense and the circumstances under which it was committed are to be considered.

4.      The ability to make bail is to be regarded, and proof may be taken upon this point.

5.      The future safety of a victim of the alleged offense and the community shall be considered.

---

[2] We note that bail can be denied for capital offenses "when proof is evident." TEX. CONST. art. I, § 11; TEX. CODE CRIM. PROC. ANN. art. 1.07 (Vernon 2005). Bail may also be denied in various circumstances relating to the commission of a felony offense. TEX. CONST. art. I, § 11a. The State has not invoked any constitutional provision to deny Estrada bail for these offenses, and he is therefore entitled to bail. *See* TEX. CONST. art. I, §§ 11, 11a; TEX. CODE CRIM. PROC. ANN. art. 1.07.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon 2005). Other relevant factors include a defendant's links to the community, including his family ties, employment history, prior criminal record, the existence of other bonds against the defendant, and his compliance with the conditions of those bonds. *See Gonzalez v. State*, 996 S.W.2d 350, 352-53 (Tex. App.–Houston [14th Dist.] 1999, no pet.), and cases cited therein. While the amount of bail should not be set so high it becomes an instrument of oppression, the defendant's inability to make a certain bond is not conclusive proof the bond amount is excessive. *See Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977); *Ex parte Gentry*, 615 S.W.2d 228, 231 (Tex. Crim. App. [Panel Op.] 1981).

## BACKGROUND

Evidence presented at the habeas hearing reflects Estrada is currently charged with felony theft of a vehicle in addition to capital murder and burglary of a habitation. In the theft case, Estrada is alleged to have taken a key from a co-worker's purse and stolen her car. Estrada was arrested for theft of the vehicle in January 2008 and released on a $5,000 personal recognizance bond. Estrada was on this bond when the capital murder occurred.[3] No evidence regarding the circumstances of the two burglaries of a habitation was presented at the habeas hearing. However, the record reflects the burglaries occurred in January 2008, several days before Estrada was arrested on the theft charge, and the complainant in each of the burglary cases is Estrada's aunt. Estrada was indicted on the two burglary charges in July 2008, at the same time he was indicted for capital murder.

The circumstances of the capital murder were presented to the trial court through the arrest and search warrant affidavits the State introduced into evidence. Those documents reflect Estrada admitted to police he burglarized his neighbor's home on April 24, 2008. When the neighbor awoke

---

[3] Estrada's personal recognizance bond on the theft charge has been revoked and the trial court has ordered him remanded without bond. Estrada has not appealed that order.

during the burglary, Estrada shot her in the head with a bow and arrow he had taken with him into the home. Estrada left the home, taking the victim's vehicle and credit cards. He drove to a nearby gas station and filled a container with ten dollars' worth of gasoline. Estrada returned to the victim's house and used the gasoline to set fire to the victim and her home. Estrada also admitted to using the victim's credit cards to make several purchases including hair gel, clothing, and computer equipment. Two of the victim's credit cards and the key to the victim's vehicle were found in Estrada's possession the day after the murder.

Estrada's father was the only witness to testify at the hearing. Mr. Estrada testified Estrada was eighteen years old and lived with his parents before his incarceration. The family has lived in their home for over four years. Estrada's mother has worked for the City of San Antonio for thirteen years and Mr. Estrada has worked as a dispatcher for a concrete company for six years. Estrada had been a senior in high school, but withdrew from school in early 2008 for reasons not disclosed in the record, although Mr. Estrada acknowledged Estrada had problems with truancy. Mr. Estrada testified his son has had several jobs, but was "let go" from the most recent one in December 2007.

Mr. Estrada testified that if Estrada is released on bond he will live with his parents at the family home. He testified he would do everything in his power to ensure Estrada appeared in court and meet any conditions of the bond. If necessary, Estrada's mother would stop working so she could be home during the day. Mr. Estrada testified Estrada lived at home while he was on a personal recognizance bond on the theft charge and, as far as he knew, Estrada had complied with the reporting conditions of his bond – a requirement that Estrada call the bond office each Wednesday. Estrada's father also testified the family had no ties to Mexico and Estrada has left the State only once, on a family vacation to Arizona and Nevada.

According to Mr. Estrada, his son is financially dependent on his parents and could not post a bond in any amount with his own resources. He testified Estrada does not own any property or have any other assets. Mr. Estrada stated he had contacted at least five bail bond companies and he could not meet the financial conditions imposed by the few companies willing to write such a large bond. Mr. Estrada requested the court to set the total amount of bail at $250,000. He explained his family does not have the present resources to obtain bonds in that amount, but expected that with the help of other family members and friends, the necessary financial resources could eventually be garnered.

Mr. Estrada testified Estrada has no prior convictions. The State introduced a computer record relating to Estrada that it obtained from the school district. The document, entitled "Student Discipline Information," spans a time period from September 1, 2005 through February 29, 2008, and contains seventy-two entries for various infractions including "excessive tardies," truancy, insubordination, "profanity/obscene ge," "disrupting class/stu," lack of cooperation, theft, forgery, "disrespect/rude," "poss,sold/use mariju," and "possess/distribute c."

The punishment for capital murder is either death or life imprisonment without parole. TEX. PENAL CODE ANN. §12.31(a) (Vernon Supp. 2008). The record does not reflect whether the State will seek the death penalty. The burglaries are second-degree felonies with possible punishment of from two to twenty years in prison and a fine of up to $10,000. Because it appears Estrada does not have a prior felony conviction, he would be eligible for probation in the burglary cases.

At the conclusion of the hearing, the trial court denied relief on all three writs, refusing to reduce the amount of Estrada's bail. The court also ordered as conditions of bond that Estrada

submit to alcohol testing, "global positioning," be under full house arrest, and have no contact with his aunt, the victim in the burglary of a habitation cases.

## DISCUSSION

### *Burglary Cases*

Estrada's briefs contain no argument that the amount of bail in the burglary cases is excessive. The $20,000 bail in each of those cases is within the amount Mr. Estrada testified the family could pay, and is well within the range of bail amounts found appropriate by other courts in burglary cases. *See, e.g.*, *Ex parte Charlesworth*, 600 S.W.2d 316 (Tex. Crim. App. [Panel Op.] 1980) ($35,000); *Watson v. State*, 158 S.W.3d 647 (Tex. App.–Waco 2005, no pet.) ($10,000); *Nguyen v. State* 881 S.W.2d 141 (Tex. App.–Houston [1st Dist.] 1994, no pet.) ($20,000); *see also*, *Ex parte Simpson*, 77 S.W.3d 894, 897 (Tex. App.–Tyler 2002, no pet.) (noting that in reviewing claim of excessive bail, court may look at the amount of bond in relation to bonds set for other crimes); *Ex parte Emery*, 970 S.W.2d 144, 146 (Tex. App.–Waco 1998, no pet.) (same). We conclude Estrada failed to meet his burden to demonstrate the amount of bail in the burglary cases is excessive. Accordingly, we hold the trial court did not abuse its discretion in denying habeas relief in the two burglary of a habitation cases and affirm the court's orders.

### *Capital Murder Case*

Estrada presented evidence that he has no resources with which to post bail. While his family bears no legal obligation to help him, the testimony reflected the family was willing to exert considerable effort to help Estrada post bail, but did not have resources to post bail in the amount of $1,000,000. Obviously, this fact alone does not compel our result, but we have found no reported Texas case sustaining bail in the amount of $1,000,000, even in the most egregious capital murder cases. *See, e.g.*, *Ex parte Beard*, 92 S.W.3d 566 (Tex. App.–Austin 2002, pet. ref'd) ($8,000,000

bail reduced to $500,000); *Ex parte Henson*, 131 S.W.3d 645 (Tex. App.–Texarkana 2004, no pet.) (three counts of capital murder, bail reduced from $750,000 to $500,000 for each count); *Ex parte Simpson*, 77 S.W.3d 894 (Tex. App.–Tyler 2002, no pet.) ($600,000 bail, reduced from $1,000,000 by trial court, held not excessive); *Ex parte McDonald*, 852 S.W.2d 730 (Tex. App.–San Antonio 1993, no pet.) ($1,000,000 bail reduced to $75,000). However, we have found two unreported decisions that held bail of $1,000,000 was not excessive under the circumstances presented. *See Ex parte Saldana*, No. 13-01-00360-CR & 13-02-00361-CR, 2002 WL 91331 (Tex. App.–Corpus Christi, Jan. 24, 2002, no pet.) (relying primarily on defendant's prior convictions, numerous arrests for violent offenses, ability to post $500,000 bond before indictment, gang membership and evidence murder was gang-related, and evidence key witness was in fear for her life), *overruled in part on other grounds*, *Ramos v. State*, 89 S.W.3d 122, 126 (Tex. App.–Corpus Christi 2002, no pet.) (not designated for publication); *Ex parte Brown*, No. 05-00-00655-CR, 2000 WL 964673 (Tex. App.–Dallas Jul. 13, 2000, no pet.) (not designated for publication) (relying on uncontroverted evidence that defendant posed a threat to his estranged wife and noting that appellant failed to produce any evidence regarding his ties to the community, or his ability to make bail).

Other evidence presented at the habeas hearing that favors a reduction in bail includes Estrada's lack of previous convictions, his ties to the local community, and a supportive family. However, there is also evidence militating against a significant reduction in the amount of bail, including the circumstances of the capital murder to which Estrada has admitted, the fact he was on bond for a felony offense when the capital murder occurred, and his indictment for two other felonies committed against a family member. In addition, Estrada had dropped out of school and was not employed when the murder occurred. He had a troubling record of disciplinary infractions at school,

indicating a failure to follow rules and difficulty controlling his behavior. The trial court rightfully could have considered Estrada's school disciplinary history and the alleged commission of various other offenses as evidence Estrada would not comply with the conditions of bond, including appearing at trial. The evidence of Estrada's pattern of being unable to control his conduct also supports a finding that, if released on bail, Estrada could pose a danger to the community.

After reviewing the evidence and considering it in light of the appropriate guidelines, we hold that bail in the amount of $1,000,000 in the capital murder case is excessive and the trial court abused its discretion by denying relief. We reverse the trial court's order and order bail in the capital murder case set at $600,000, subject to such reasonable terms and conditions as may be determined by the trial court.

Steven C. Hilbig, Justice

Publish