

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00583-CR

**EX PARTE** Joshua **ORCASITAS**

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. NM151672
Honorable Andrew Carruthers,[1] Judge Presiding

Opinion by:   Patricia O. Alvarez, Justice

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  February 20, 2013

AFFIRMED

Appellant Joshua Orcasitas was arrested and charged with murder.  His bail was initially set at $250,000.  After a hearing, his bail was reduced to $100,000.  On appeal, Orcasitas asserts the trial court abused its discretion by requiring excessive bail.  We affirm the trial court's order.

### BACKGROUND

Nineteen-year-old Joshua Orcasitas was charged with murder for allegedly fatally shooting his mother's boyfriend.  His bail was initially set at $250,000, but Orcasitas applied for a writ of habeas corpus to reduce his bail.  Through his unsworn affidavit of indigence and his mother's sworn affidavit, Orcasitas asserted he does not own any real property, has lived all his life in San Antonio, all the members of his immediate family reside in or near Bexar County, and

---

[1] Criminal Law Magistrate Judge Andrew Carruthers conducted the hearing on the application for writ of habeas corpus.  Judge Mary Roman is the presiding judge of the 175th District Court.

he has no connections to any other state or country. He argued that his successful completion of deferred adjudication probation for two prior misdemeanor marijuana offenses demonstrates his compliance with conditions and shows he is not a flight risk. He asked for a bail set at no more than $50,000 because his family could not raise the bond fee for a higher amount. The trial court reduced his bail to $100,000, and Orcasitas appealed.

COMPLAINTS OF EXCESSIVE BAIL

Orcasitas raises three points of error on appeal: the trial court abused its discretion by refusing to reduce bail to $50,000; his $100,000 bail violates the Texas Constitution; and his $100,000 bail violates the Eighth Amendment. We consider these related issues together.

## A. Standard of Review

We review a trial court's decision that sets a bail amount for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd). We examine the record to determine whether the trial court considered the relevant statutory and common law factors and set a bail amount that was not excessive. *See Gonzalez*, 383 S.W.3d at 161–62; *Montalvo v. State*, 315 S.W.3d 588, 592 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The appellant has the burden to show that the amount of bail is excessive. *Rubac*, 611 S.W.2d at 849; *Gonzalez*, 383 S.W.3d at 161.

## B. Applicable Law

Except for "capital offenses when the proof is evident," the court must set a pretrial bail amount that is "sufficiently high to give reasonable assurance that the [defendant will appear for trial]," but the bail amount must not be excessive. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, §§ 11, 13; TEX. CODE CRIM. PROC. ANN. arts. 1.07, 1.09, 17.15 (West 2005). In exercising its discretion to set a bail amount, the trial court is governed by specific statutory factors:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15. Common law factors include the nature of the offense and the possible sentence, the defendant's ties to the community, employment history, and prior criminal record. *See Gonzalez*, 383 S.W.3d at 162; *Ex parte Estrada*, Nos. 04-08-00596-CR, 04-08-00597-CR, 04-08-00598-CR, 2008 WL 4958370, at *1 (Tex. App.—San Antonio Nov. 19, 2008, no pet.). If our review shows the trial court exercised its discretion within the constraints of the Constitution, the Texas Constitution, the statutory requirements, and the common law factors, we will not overturn its decision. *See Gonzalez*, 383 S.W.3d at 161–62; *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990)).

## C. Analysis

On appeal, Orcasitas asserts the trial court abused its discretion because he met his burden to show that, for his circumstances, a $100,000 bail is excessive. He states he cannot afford the bond fee for a $100,000 bail, and the applicable factors do not require such a high amount.

### 1. Habeas Corpus Hearing

At the hearing on Orcasitas's application for writ of habeas corpus, neither Orcasitas nor the State presented live witnesses. The trial court admitted Orcasitas's unsworn affidavit of

indigence and his mother's sworn affidavit. The trial court also admitted the State's investigative report and Orcasitas's criminal history data sheet documenting his prior misdemeanor offenses. The trial court heard arguments from Orcasitas and the State on several statutory and common law factors.

### a. Nature of Offense and Circumstances

Orcasitas was charged with murder. The State's evidence showed Orcasitas admitted shooting the victim, but Orcasitas claimed he did so only after the victim attacked him. Orcasitas's brother's and sister's statements to police also indicated Orcasitas acted in self-defense. However, an unrelated neighbor's statement indicated that Orcasitas was not acting in self-defense, but was the aggressor. The neighbor stated he saw Orcasitas follow the victim across the street, fire one round at the ground near the victim's feet, strike the victim in the head with the handgun, and then fire a second round that struck the victim in the head.

### b. Ability to Make Bail

In his unsworn affidavit of indigence, Orcasitas stated that he had no real property, owned no vehicles, and had only $20 in the bank, but would retain counsel to defend himself. His mother's sworn affidavit averred that Orcasitas owned no real property, had only about $20 in the bank, and was presently unemployed because he was incarcerated. The State noted Orcasitas had retained counsel and suggested his family could afford more than a $50,000 bail.

### c. Safety of the Community

Orcasitas argued that he does not have a history of violence, he only killed the victim because the victim was attacking him, and he poses no danger to the community. The State rejected Orcasitas's assertion that the victim's death was accidental or in self-defense. It argued that Orcasitas intentionally killed the victim and was an ongoing danger to the neighbor-witness and to the community.

d. <u>Community Ties, Employment History, Prior Criminal Record</u>

Orcasitas asserted he is a lifelong resident of San Antonio, all of his family members live in Bexar County or contiguous counties, and he has no family in, or ties to, Mexico or any other place. He claimed he has been consistently employed in Bexar County, and he complied with all the conditions of his two prior misdemeanor drug possession probations. The State contended that Orcasitas could not be trusted to comply with all bail conditions or refrain from committing other offenses because when he was on probation for possession of marijuana, he reoffended within one month of his initial offense.

*2. Bail Amount*

Having reviewed the evidence and the parties' arguments, we consider whether the trial court acted within its discretion when it set bail at $100,000. The evidence before the trial court showed that Orcasitas admitted to killing the victim. The trial court knew that if Orcasitas was convicted of murder, he faced a maximum sentence of life imprisonment and a $10,000 fine. *See* TEX. PENAL CODE ANN. §§ 12.32, 19.02 (West 2011). The witness statements were consistent that Orcasitas pulled a gun from his person while he was outside his residence in or near a public street. *See id.* § 46.02 (regulating carrying handguns). There was conflicting testimony on whether Orcasitas acted in self-defense or was the aggressor. However, it was undisputed that he reoffended while on probation for a previous misdemeanor drug possession offense.

Further, the trial court heard Orcasitas's repeated assertions that he was unable to pay the bond fee for $100,000 bail, but his inability to pay is merely a factor for the court to consider—it is not controlling. *See Ex parte Bufkin*, 553 S.W.2d 116, 118 (Tex. Crim. App. 1977); *Montalvo v. State*, 315 S.W.3d 588, 595 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Moreover, Orcasitas's $100,000 bail is substantially less than bail for a single murder charge in other cases affirmed by this court. *See, e.g.*, *Ex parte Garza*, 04-02-00803-CR, 2003 WL 21750013, at \*2

(Tex. App.—San Antonio July 30, 2003, no pet.) (not designated for publication) ($150,000); *Ex parte Wilson*, 04-08-00553-CR, 2009 WL 330994, at *2 (Tex. App.—San Antonio Feb. 11, 2009, no pet.) (mem. op., not designated for publication) ($200,000); *Ex parte Ramirez*, 04-04-00248-CR, 2004 WL 1835962, at *2 (Tex. App.—San Antonio Aug. 18, 2004, no pet.) (mem. op., not designated for publication) ($250,000).

Although Orcasitas insists that his circumstances do not require a $100,000 bail to give reasonable assurance that he will appear for trial, the decision to set a bail amount rests with the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15; *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981). Absent our determination that the amount was excessive or acted as an instrument of oppression, we will not disturb the trial court decision. *See Gonzalez*, 383 S.W.3d at 161–62; *Ex parte Hunt*, 138 S.W.3d at 505 (citing *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex. Crim. App. 1990)).

## CONCLUSION

Having examined the record and the bail amounts previously sustained by this court, we conclude that the trial court considered the relevant statutory and common law factors and set a bail amount that was not excessive and did not act as an instrument of oppression. *See Ex parte Rubac*, 611 S.W.2d at 850; *Gonzalez*, 383 S.W.3d at 161; *Montalvo*, 315 S.W.3d at 592. We overrule each of Orcasitas's points of error and affirm the trial court's order.

Patricia O. Alvarez, Justice

DO NOT PUBLISH