

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-13-00715-CR, 04-13-00716-CR, 04-13-00717-CR & 04-13-00718-CR

**EX PARTE** Rogelio **RINCON** Jr.

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2012CR2442, 2012CR2443, 2012CR2444 & 2012CR2445
Honorable Ron Rangel,[1] Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: May 28, 2014

AFFIRMED

Rogelio Rincon Jr. stands indicted for the deaths and injuries sustained by four persons in a January 2012 wrong-way, head-on traffic collision in San Antonio, Texas. The State alleges that the collision was caused by Rincon's driving while intoxicated and other reckless actions. The State charged Rincon in four separate causes, one per victim. In February 2013, Rincon applied for habeas corpus relief in all four causes, complaining that the pretrial bail set in those causes was excessive and seeking a reduction in bail "to a reasonable amount." *See* TEX. CODE CRIM. PROC. art. 11.24 (West 2005) (providing that a defendant may challenge the excessiveness of his bail via

---

[1] The underlying causes in this case are pending in the 379th Judicial District Court, in which the Honorable Ron Rangel is the presiding judge. Judge Rangel referred Rincon's habeas applications to the Honorable Andrew Carruthers, Criminal Magistrate Judge, who conducted the evidentiary hearings on the applications and signed the orders denying relief.

habeas corpus). The trial court held a hearing in September 2013 and denied Rincon's requested bail reductions. We affirm the trial court's orders.

## DISCUSSION

The primary purpose of setting pretrial bail should be to secure Rincon's presence at trial. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). The amount of bail necessary to achieve that purpose is committed to the trial court's sound discretion, although its discretion is bounded and guided by constitutional and statutory provisions. *Ex parte Estrada*, 398 S.W.3d 723, 724 (Tex. App.—San Antonio 2008, no pet.). The federal constitution, our state constitution, and our state laws prohibit "excessive" bail. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005). Article 17.15 of the Texas Code of Criminal Procedure provides that "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with"; however, "[t]he power to require bail is not to be so used as to make it an instrument of oppression." TEX. CODE CRIM. PROC. art. 17.15 (1), (2) (West 2005). Although Rincon's ability to make bail must be considered, it is not a controlling consideration. *See id.* art. 17.15 (4); *Ex parte Rodriguez*, 595 S.W.2d at 550. The Code also requires the trial court to consider the nature of Rincon's offenses and the circumstances under which he allegedly committed them and the future safety of the community if Rincon is released on bail. *See* TEX. CODE CRIM. PROC. art. 17.15 (3), (5). Apart from these statutory considerations, the trial court could also consider Rincon's links to the community, including his family ties, employment history, prior criminal record, the existence of other bonds against him, and his compliance with the conditions of those bonds. *See Ex parte Estrada*, 398 S.W.3d at 724.

At the time Rincon filed his habeas applications, the combined bail set in these causes was $275,000. In cause number 2012CR2442, Rincon is charged with felony murder, intoxication manslaughter, and manslaughter of one victim, and his bail in that cause is set at $100,000. Rincon

faces the same charges against a different victim in cause number 2012CR2445, and his bail in that cause is set at $75,000. In cause numbers 2012CR2443 and 2012CR2444 Rincon is charged with intoxication assault and aggravated assault against two other victims, and bail in each cause is set at $50,000. Rincon bears the burden of proof to show that the bail set in these causes is excessive and that the trial court abused its discretion in not lowering the set amounts. *See Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981).

Rincon's mother was the sole witness at the habeas hearing. She testified that the bail bondsmen with whom she had spoken would require the payment of a bail bond fee of $27,500 before they would post the full amount of Rincon's bail. Although she did not directly testify about Rincon's assets, she did testify that he had been unable to pay the required bail bond fee since he had been in jail.

She testified that she lives in the area, owns two homes in Bexar County, and has only $1,000 total in her bank accounts. Each house is valued at about $100,000,[2] and she testified that she is attempting to sell both of the houses. She testified that she would not be able to sell one until next year and that the other house was difficult to sell because she has to get her husband's signature and he lives in Mexico. She testified that Rincon and her husband (Rincon's father) have a good relationship. She also testified that Rincon's two brothers and sister also live in the area, but that they do not have the financial means to help post Rincon's bail.

She testified that the day of the collision was Rincon's birthday and that he had been drinking prior to the collision. She testified that Rincon had previously been to prison three times and that his most recent incarceration was for felony DWI.

---

[2] Rincon's mother testified that the value of one of the houses was $100,000 and that the value of both homes together was between $200,000 and $250,000.

The only evidence presented by the State was a report from one of the officers who responded to the traffic collision. His report reflects that the collision happened around three o'clock in the afternoon and that beer cans were strewn about the interior of Rincon's vehicle.

At the conclusion of the hearing, Rincon argued that the bail was excessive because his family would be required to sell everything they own to pay the bondsman's fee and emphasized that Rincon had been in jail for over eighteenth months because he could not make bail. The State argued that Rincon's status as a habitual offender, the circumstances of Rincon's alleged offenses, and Rincon's relationship with his father in Mexico weighed against any bond reduction. The trial court denied Rincon bond reductions in any amount in all four causes, stating the amounts were "set appropriately considering that the defendant is indicted as an habitual offender in each of the four cases."

On appeal, Rincon argues that the trial court's articulated reason for denying bail reductions suggests that the trial court failed to give sufficient consideration to the factors that favor reducing bail. He argues that his demonstrated inability to make bail for over eighteen months shows that the bail amounts set have become instruments of oppression. He also argues that there is no evidence that he is a flight risk or has ties beyond the San Antonio area. Finally, he complains that the trial court did not consider imposing any conditions of release on bail as part of its bail-reduction ruling, although he concedes that he did not request the trial court to consider any conditions.

To support the trial court's ruling, the State emphasizes that Rincon has ties to Mexico through his father, that Rincon has a criminal history including felony DWI, two people died in the collision, and that Rincon has been charged as a habitual offender. The State also emphasizes that Rincon presented no evidence regarding his work record, his community ties, the length of his residency, or his compliance with conditions of any previous bonds.

Based on the record and arguments before the trial court, we cannot say that it abused its discretion in denying reductions in the bail amounts set in Rincon's four separate causes. As Rincon himself admits, his criminal history and the nature and circumstances of his offense weigh against a bail reduction. Rincon's previous DWI felony conviction shows that he has either previously been convicted of (1) intoxication manslaughter or (2) of two separate DWIs. *See* TEX. PENAL CODE ANN. § 49.04(b); 49.09(b)(2) (West Supp. 2013). Despite his previous felony DWI conviction, there is evidence to suggest that Rincon had been drinking on the day of the collision and that by virtue of his drinking he caused a deadly traffic collision around three o'clock in the afternoon. The trial court could have reasonably concluded that Rincon posed a danger to the community based on his history of drunk driving and considered that a compelling factor in setting his bail.

In addition, all four of the indictments against Rincon contain enhancement paragraphs based on his prior felony DWI conviction and another conviction, making him eligible for enhanced punishments so that he was subject to first-degree felony punishment in all the causes. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2013) (prescribing enhanced punishments for habitual offenders). The severe punishment ranges Rincon may be subjected to weighs in favor of the trial court's decision to not reduce Rincon's bail. *See Ex parte Ivey*, 594 S.W.2d 98, 99 (Tex. Crim. App. [Panel Op.] 1980) ("The nature of the offense and the circumstances of its commission should be considered, and this necessarily involves the punishment authorized by law.").

Rincon's inability to make bail for over eighteen months is a factor to be considered; however, it is not the determinative factor. The primary purpose of bail is to ensure the accused appears for trial. A lower bail may pose the risk that if Rincon posts bond, he will fail to appear for a trial where he is accused of causing the deaths of two persons and severe bodily injury to two more. In connection with this point, we agree with the State that Rincon's connection to his father

in Mexico was a relevant consideration in determining whether Rincon would be less likely to appear for trial. *See Ex parte Gonzalez*, 383 S.W.3d 160, 166 (Tex. App.—San Antonio 2012, pet. ref'd). The lack of evidence regarding Rincon's work employment history and ties to the San Antonio community, which was his burden to produce, only further underscores that point. *See Ex parte Leonides*, No. 03-01-00641-CR, 2002 WL 189057, at *2 (Tex. App.—Austin Feb. 7, 2002, no pet.) (mem. op., not designated for publication).

The Austin court of appeals has upheld a bail of $175,000 as reasonable for a single count of intoxication manslaughter. *Id*. The defendant in *Leonides* argued to the appellate court that his bail should be reduced because of his inability to make bail and because the trial court gave undue weight to the community safety component. *Id.* The court held "[b]alancing the paucity of proof regarding ties with the community against the nature and seriousness of the offense along with the community safety concerns, we conclude that the trial court adequately weighed the relevant considerations." *Id.*

We do not see any evidence that the trial court in this case only gave weight to a single consideration, as Rincon claims. Instead, like the Austin court, we think that several considerations—including community-safety concerns, the nature of the offenses alleged against Rincon, the lack of evidence showing strong ties to the community, and the evidence showing ties to a foreign jurisdiction—support the trial court's decision to deny Rincon any reductions in his bail and thus we conclude the trial court adequately weighed the competing considerations. The trial court's decision to set Rincon's bail at $100,000 and $75,000 in the two causes dealing with deaths is reasonable, considering that the similarly situated Leonides's bail was set at $175,000 for a single fatality. *See Ex parte Estrada*, 398 S.W.3d at 727 (considering the bail amounts approved by other courts of appeals in similar cases to determine whether bail was excessive). Likewise, a bail bond amount of $50,000 for each assaultive offense is reasonable.

Rincon argues that the trial court should have considered imposing pretrial bail conditions, which would justify lowering the amount of pretrial bail. Rincon concedes that he did not request the trial court to impose any pretrial bail conditions in his habeas applications or at the hearing, and he has cited no authority requiring the trial court to *sua sponte* consider imposing pretrial bail conditions when the defendant has only requested "reasonable" bail in his habeas applications. Because Rincon did not request that the trial court impose any conditions and thus the issue was not brought to the trial court's attention, we decline to hold it abused its discretion in not considering whether imposing pretrial bail conditions would justify a lower pretrial bail.

In light of the facts and arguments before the trial court, we cannot say that the bail currently set in the four causes is excessive or that the trial court abused its discretion in denying Rincon's requested bail reductions. We affirm the trial court's orders denying bail reductions in these four causes.

Luz Elena D. Chapa, Justice

Do Not Publish