# NOS. 12-22-00165-CR
# 12-22-00166-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CURTIS TRAYLOR-HARRIS,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Curtis Traylor-Harris appeals the trial court's denial of his applications for writ of habeas corpus seeking bail reduction. We reverse and remand.

## BACKGROUND

In February 2022, Appellant, a Smith County Constable, was charged by indictment with theft by a public servant and official oppression. The trial court set his bond at $10,000 for each offense. Appellant posted bond and was released with conditions.

On May 12, the trial court received a bond violation report. The report alleged Appellant attended the 2022 Navarro County Police Academy graduation dressed in full uniform and in possession of a firearm. Appellant's bond included conditions that he not leave Smith County without permission and that he not possess a firearm. The trial court issued a warrant and increased the bond to $500,000 in the theft case but did not set a new bond on the oppression case. Appellant filed a motion for a bond reduction. Following a hearing, the trial court denied the request to reduce the bond in the theft case and set bond at $500,000 in the oppression case. Appellant filed applications for writ of habeas corpus alleging that the bonds are excessive. Following a hearing, the trial court denied the writs. This proceeding followed.

In two issues, Appellant urges the trial court abused its discretion in declining to reduce the amount of his bail bonds. In his first issue, Appellant contends the bonds are oppressive on their face. In his second issue, he argues the trial court ignored the statutory factors for setting bond. Because these issues are interwoven, we address them together.

## Standard of Review

The decision regarding a proper bail amount lies within the sound discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 17.15 (West Supp. 2021). Accordingly, we review the trial court's ruling on a request to reduce bail under an abuse of discretion standard. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. 1981); *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (per curiam). In determining whether the trial court abused its discretion, we do not substitute our judgment for that of the trial court. *Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). The purpose of our review is to determine whether the trial court's decision was made without reference to any guiding rules or principles of law, or in other words, whether the decision was arbitrary or unreasonable. *Id*. at 380. An abuse of discretion occurs when a trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Id*. at 391 (op. on reh'g).

## Applicable Law

The primary purpose of setting a pretrial bond should be to secure Appellant's presence at trial. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Rincon*, Nos. 04-13-00715-CR–04-13-00718-CR, 2014 WL 2443870, at *1 (Tex. App.–San Antonio May 28, 2014, no pet.) (mem. op., not designated for publication). The amount of the bond necessary to achieve that purpose is committed to the trial court's sound discretion, although its discretion is bounded and guided by constitutional and statutory provisions. *See Ex parte Estrada*, 398 S.W.3d 723, 724 (Tex. App.–San Antonio 2008, no pet.). The federal constitution, our state constitution, and our state laws prohibit "excessive" bail. U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.09 (West 2005).

Article 17.15 of the Texas Code of Criminal Procedure provides that "bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with[;]" however, "[t]he power to require bail is not to be so used as to make it an instrument of oppression." TEX. CODE CRIM. PROC. ANN. art. 17.15(1), (2). Although a defendant's ability to

make bail must be considered, it is not a controlling consideration. *See id.* art. 17.15(4); ***Rodriguez***, 595 S.W.2d at 550. The trial court also must consider the nature of the defendant's offenses and the circumstances under which he allegedly committed them as well as the future safety of the community if the defendant is released on bail. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15(3), (5). Apart from these statutory considerations, the trial court also may consider the defendant's links to the community, including his family ties, employment history, prior criminal record, the existence of other bonds against him, and his compliance with the conditions of those bonds. *See **Estrada***, 398 S.W.3d at 724.

## The Hearing

At the hearing on the application, neither Appellant nor the State presented any new evidence. However, the trial court took judicial notice of all evidence admitted at the prior bond reduction hearing. At that hearing, the trial court heard evidence that Appellant committed three bond condition violations.

Cesar Berrum, Jr. testified that he is employed by the Smith County Probation Office as a pretrial supervision officer and that Appellant was assigned to his caseload. Berrum did not investigate any bond violations or submit the bond violation report because he was out of the office. He further testified that Appellant's bond conditions required him to receive permission before leaving Smith County. Appellant had received such permission on three prior occasions. However, Appellant neither sought nor received permission to travel to Navarro County for the police academy graduation. Berrum further testified that he was aware of a police report involving Appellant at Southwestern Christian College in Kaufman County on March 12. According to Berrum, Appellant did not have permission to go to Kaufman County on that day. Berrum further testified that he viewed a video showing Appellant carrying a firearm on his belt. He also saw Facebook pictures showing Appellant in uniform as a Smith County Constable with a gun, ammunition magazines, and a taser on his belt. The video and photographs from the police academy graduation in Navarro County were admitted into evidence. Terrie Lindsey, Berrum's supervisor, testified that she received an anonymous tip about a YouTube video depicting Appellant at Navarro College with his weapon. Lindsey viewed the video and filed a violation report after confirming a bond condition violation had occurred. Lindsey further testified that she never gave Appellant permission to travel to either Navarro County or Kaufman County.

Rebekah Massey testified that she is an administrative assistant in the Smith County Constable's Office. According to Massey, she had worked for Appellant since January 1, 2021. Appellant attended the police academy graduation at Navarro College because Massey was graduating as a peace officer. Massey further testified that Appellant was "not in the habit" of carrying a firearm, even when discharging his duties as constable. She could not recall whether Appellant was wearing his firearm at her graduation.

Roy Logan is a deputy in the Precinct One Smith County Constable Office. According to Logan, Appellant did wear his firearm prior to the bond conditions. Logan traveled with Appellant to Navarro College but did not notice whether he carried his firearm that day.

Sabion Traylor-Harris testified that he is Appellant's husband and that they have lived together in Tyler for six years. According to Sabion, there are no firearms in their home and Appellant possesses no gun other than his service weapon. Sabion also attended the graduation, but he could not recall whether Appellant carried a firearm.

He further testified that Appellant has no arrests prior to his current charged offenses and has never been violent. Sabion stated that he does not have the $50,000 necessary to post Appellant's $500,000 bond. However, he believed he could raise between $2,000 and $3,000 to post bond for Appellant. Sabion was unaware of any bond condition violations except those discussed at the hearing. According to Sabion, the couple currently rents their home, but they were in the process of closing on a house when Appellant was arrested. Sabion testified that he works at Ace Cash Express and that there should be no reason Appellant would need to travel outside Smith County. He further stated that he was previously unaware of Appellant's travel restrictions. Sabion and Appellant own two cars together; however, Sabion was unaware of what they are worth.

Sabion also testified that he was told by someone that a "teacher" gave Appellant a fake gun to carry to the graduation so that he could appear in full uniform. However, he did not see anyone give Appellant the gun and did not know how the gun got into the holster. Sabion was unaware that possessing a firearm violated Appellant's bond conditions.

Sabion testified that Appellant had always been employed since he had known him. He stated Appellant has a sister, grandmother, and aunt that live in the Tyler area.

The trial court explained that it was "well aware of all the cases, case law and decisions of the courts on several factors the Court can take into consideration in setting a bond or granting

a motion to reduce bond." The trial court found that Appellant committed "flagrant violations" and noted that he is a "sworn law enforcement officer sworn to uphold the law." The trial court also stated that it was not "going to cut [Appellant] any slack." The trial court found that Appellant violated the bond conditions relating to unauthorized travel and possession of a firearm. The trial court then denied the request to reduce the $500,000 bond and increased the other bond from $10,000 to $500,000.

At the hearing on the application for writ of habeas corpus, the trial court took notice that Appellant and his family had been unable to raise the funds necessary to post the $1,000,000 bond for both charges. It also took under advisement that a petition to remove Appellant from office had been filed. The trial court denied both writs and refused to reduce the bonds.

**Analysis**

The record in this case supports the trial court's decision to increase the amount of the original bond. The record demonstrates that Appellant violated his bond conditions no less than three times. Appellant's history of non-compliance with his bond conditions weighs against a determination that the bail amounts set by the trial court were excessive. *See Ex parte Watkins*, Nos. 01-21-00450-CR, 01-21-00451-CR, 2022 WL 839427, at *7 (Tex. App.—Houston [1st Dist.] Mar. 22, 2022, no pet.) (mem. op., not designated for publication). However, that is not the sole consideration. Even if an increase in bail is warranted, the increase must comply with both Article 17.15 and the primary purpose of securing Appellant's presence at trial. *See* TEX. CODE CRIM. PROC. ANN. § 17.028(a), (b) (West Supp. 2021). The record is silent to whether the trial court considered any of the Article 17.15 factors in determining the amount of the increased bail amount.

The nature of the offense and the circumstances under which it was allegedly committed are factors to be considered, and this necessarily involves the punishment permitted by law. *Ex parte Clark*, 537 S.W.2d 40, 42 (Tex. Crim. App. 1976). Appellant is charged with theft by a public servant, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(f) (West 2019). According to the indictment, Appellant

> did then and there pursuant to one scheme or continuing course of conduct, unlawfully appropriate, by acquiring or otherwise exercising control over, property, namely watches and sunglasses and electronics and currency and cosmetics and jewelry and perfume, of the aggregated value of $750 or more but less than $2,500, from Brittany Poster and Raleigh Poster and Brittany

5

> Poster and Arianna Poster; the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property.

Should he be convicted, Appellant would be subject to confinement for a term of no more than two years and no less than 180 days as well as a fine not to exceed $10,000. *Id.* § 12.35 (West 2019). Appellant is also charged with official oppression, a class A misdemeanor. *Id.* 39.03(d) (West Supp. 2021). The indictment alleges Appellant subjected Brittany Poster to mistreatment that he knew was unlawful, namely theft of property, and that he was acting under color of his office as a public servant. If Appellant were convicted, he would be subject to confinement for a term not to exceed one year and/or a fine not to exceed $4,000. *Id.* § 12.21 (West 2019).

The record also demonstrates that while Appellant is employed, he and his family lack the monetary funds to post the $1,000,000 bond. While the ability or inability of an accused to make bail is not dispositive, it is a factor to be considered. *Rodriguez*, 595 S.W.2d at 550. Although the evidence showed Appellant and his husband owned two vehicles, it was unclear how much they were worth. Evidence at the hearing demonstrated that Appellant could pay $2,000 or $3,000 toward a bond. Yet, the trial court increased the bond fifty times higher than originally set and approximately forty times higher than what Appellant could pay toward the bonds, which constitutes a de facto setting of no bond when the bond was increased from $10,000 to $500,000 in each case.[1] *See DePena v. State*, 56 S.W.3d 926, 929 (Tex. App.—Corpus Christi 2001, no pet.); *Ex parte Barbosa*, No. 12-19-00304-CR, 2020 WL 562973, at *3 (Tex. App.—Tyler Feb. 5, 2020, no pet.) (mem. op., not designated for publication).

Moreover, a comparison of the bail amount in this case to the amounts in cases decided by other intermediate appellate courts, leads us to conclude that the bail is too high. Although bail in excess of $1,000,000 has been upheld, such as in murder cases, these cases are distinguishable from the present case. *See, e.g.*, *Ex parte Saldana*, Nos. 13-01-00360-CR, 13-01-00361-CR, 2002 WL 91331, at *4-6 (Tex. App.—Corpus Christi Jan. 24, 2002, no pet.) (op.; not designated for publication) ($1,000,000 bail for capital murder not excessive); *see also Ex parte Pulte*, No. 02-03-00202-CR, 2003 WL 22674734, at *2 (Tex. App.—Fort Worth Nov. 13, 2003, no pet.) (mem. op.; not designated for publication) ($1,000,000 bail not excessive for solicitation of murder); *Ex parte Brown*, No. 05-00-00655-CR, 2000 WL 964673, at *2 (Tex.

---

[1] We note the typical bond fee is 10% of the face amount of the bond. Assuming so, the fee to post both bonds would be at $100,000.

App.—Dallas July 13, 2000, no pet.) (not designated for publication) ($1,000,000 bail not excessive for murder).

The record is silent as to whether the trial court applied the case-specific factors contained in Article 17.15. The trial court did not enumerate the factors, if any, it considered and did not make any case-specific findings when it imposed the increased bail. There is no specific evidence in this case of Appellant's risk of flight in terms of threats against the victims or evidence that Appellant intends to flee. *See Ex parte Bellanger*, No. 12-09-00246-CR, 2009 WL 4981457, at *3 (Tex. App.—Tyler Dec. 23, 2009, no pet.) (in reversing bail of $1,725,000 in indecency with a child case, noting lack of such evidence). Rather, he has familial ties to the community and a history of employment. Nor does the record contain evidence of any threats against the victims or evidence suggesting that a lower bail amount would place either the victims' safety, or that of the community, at risk.

After reviewing the record in this case and considering the factors in Article 17.15, we hold that the amount of Appellant's bail is unsupported by the evidence and therefore excessive. Accordingly, the trial court abused its discretion by denying Appellant's habeas applications. We sustain Appellant's two issues.

## DISPOSITION

Having sustained Appellant's issues, we ***reverse*** the orders denying Appellant's habeas applications and ***remand*** these cases to the trial court for further proceedings consistent with this opinion.

**GREG NEELEY**
Justice

Opinion delivered August 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-22-00165-CR**

**CURTIS TRAYLOR-HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0335-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the order denying Appellant's applicationfor a writ habeas corpus be **reversed** and the cause **remanded** to the trial court **for a further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 30, 2022**

**NO. 12-22-00166-CR**

**CURTIS TRAYLOR-HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0336-22)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the order denying Appellant's applicationfor a writ habeas corpus be **reversed** and the cause **remanded** to the trial court **for a further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*